Filed 10/27/25  P. v. Lawrence CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KMAAL LAWRENCE,<br><br>  Defendant and Appellant. | D084438<br><br><br>(Super. Ct. No. SCD278012) |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Dismissed in part, affirmed in part.

Kmaal Lawrence, in pro. per.; and Paul Raymond Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kmaal Lawrence appeals from the denial of his postconviction petition seeking resentencing.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Lawrence filed a supplemental brief.  We have reviewed the issues raised in Lawrence's supplemental brief and have independently reviewed the record. (*Id*. at p. 232.)  To the extent the order is not appealable, we dismiss.  To the

extent there is an appealable aspect of the order, we find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.** ***Underlying Plea and Sentencing***

Lawrence was charged with 31 counts arising from sexual abuse of a child over a three-year period, from 2015 and 2018. The operative complaint alleged four counts of having sexual intercourse with a child 10 years of age or younger (Pen. Code,[1] § 288.7, subd. (a); [counts 1–2 and 11–12]); eight counts of oral copulation with a child 10 years of age or younger (§ 288.7, subd. (b) [counts 3–6 and 13–16]); six counts of committing a forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1) [counts 7–8, 17–18, and 27–28]); six counts of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a) [counts 9–10, 19–20, and 29–30]); and seven counts of aggravated sexual assault of a child (§ 269, subd. (a) [counts 21–26 and 31]). The complaint also alleged an enhancement for substantial sexual contact with the victim in committing the forcible lewd act charges (§1203.066, subd. (a)(8) [counts 7–8, 17–18, and 27–28]).

In March 2019, Lawrence pleaded guilty to one count of sexual intercourse with a child under the age of 10 (count 1) and to one count of forcibly committing a lewd act upon a child under the age of 14 (count 17). He admitted the enhancement allegation that he had substantial sexual contact with the child in committing the act charged in count 17. In exchange, Lawrence stipulated to a state prison sentence of 25 years to life for count 1 plus a lower term sentence of five years for count 17 for an aggregate term of 30 years to life. The People agreed to dismiss the

---

[1]     Undesignated statutory references are to the Penal Code.

remaining charges and enhancements. The court accepted Lawrence's guilty plea after examining him about his signatures and initials on the plea form and confirming he knowingly and voluntarily waived his rights. Lawrence admitted on the record the factual basis for each crime.

Consistent with the plea deal, the court sentenced Lawrence in May 2019 to a total term of 30 years to life in state prison. This included the low term of five years for count 17.

In imposing the sentence, the court commented about Lawrence's criminal history of committing lewd lascivious acts upon children, and the fact that this case included over 30 counts of sexual abuse of a child. The court continued, "How many times do you have to be told that this is wrong and you continue to engage in this type of activity? As far as I'm concerned, you are getting a gift of 30 years to life. This is worth a thousand. You should never get out in my opinion. [¶] So what your attorneys worked out with you and the DA's office, as far as I'm concerned, you're very fortunate to have."

## B. *Petition for Resentencing*

In June 2024, Lawrence filed a preprinted form entitled "Petition for Resentencing Pursuant All Applicable Sections of Penal Code § 1170, § 1171, § 1172, and Assembly Bill 1540 (2021)." Lawrence filled in his name, address, and case number on the first page.

The form petition listed the following legislative enactments for "all possible applicability":

> (1) Senate Bill No. 483 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1–4) [retroactively eliminated prison-prior enhancements except for sexually violent offenses];

3

(2) Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1–2) [amended former § 1170.95 (now § 1172.6) to permit defendants convicted of manslaughter or attempted murder to seek relief for convictions based on a theory of natural and probable consequences liability for aiding and abetting];

(3) Assembly Bill No. 256 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 739, §§ 1–4) [amended the Racial Justice Act (§ 745) to apply to judgments final before January 1, 2021];

(4) Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) [amended § 1385 to authorize a trial court to dismiss an enhancement in the furtherance of justice after considering mitigating circumstances, unless dismissal of the enhancement would endanger public safety];

(5) Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 1–5 ) [amended § 186.22 related to the evidence and evidentiary burden necessary to prove a gang-related enhancement];

(6) Senate Bill No. 73 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 537, §§ 1–6) [increased eligibility for probation for individuals convicted of certain crimes related to controlled substances];

(7) Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, §§ 1–3) [amended § 1170 for the standards to impose an upper-term sentence and establishing the middle term as the presumptive sentence]; and

(8) Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) [moved the recall and resentencing provisions from former § 1170 to current § 1172.1].

Lawrence added a handwritten statement at the end of the petition regarding general resentencing rules. Neither the petition nor the handwritten addendum explained how he was eligible for resentencing in this case under any statutory authority.

The court issued a letter stating it received the "request for recall and resentencing ostensibly pursuant to Penal Code section 1172.1, in addition to 'sections 1170, 1171, 1172 and AB 1540.' " The court noted that a defendant is not entitled to file a petition for relief and, if such a petition is filed, the court is not required to respond. (§ 1172.1, subd. (c).) "Nonetheless" the court "carefully reviewed all the official court reports" including "probation reports, social studies and psychological reports." The court found "no reasonable basis to recall defendant's sentence pursuant to any of the code sections or legislation referenced in his petition." Therefore, the court took no action on the request.

Lawrence appealed, challenging the "improper denial of resentencing." The superior court issued a certificate of probable cause.

## DISCUSSION

Lawrence's appellate counsel filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216.

Lawrence submitted a supplemental brief describing the Racial Justice Act and recent amendments. Lawrence contends the trial court erred by failing to appoint counsel, which he says, "should have been done as a right, triggered by a showing [of] a 'plausible justification' that an RJA violation existed."

Lawrence's contentions in his supplemental brief are without merit. He does not explain how his race or ethnicity played any role in the charges, his guilty plea, or in the subsequent sentencing based on a

5

stipulated sentence. Furthermore, an incarcerated defendant whose judgment is final may bring a Racial Justice Act claim only by a petition for writ of habeas corpus. (§ 745.) The trial court, therefore, lacked jurisdiction to act on his motion for relief based on the Racial Justice Act. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999–1000.) The court's decision not to act on this petition is not appealable (*Ibid.*)

Lawrence was also not entitled to petition for relief under section 1172.1, subdivision (c). Therefore, the court's decision not to act on such a petition is not appealable because it does not affect his substantial rights. (*People v. Roy* (2025) 110 Cal.App.5th 991, 999, 1001; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696; *People v. Hodge, supra,* 107 Cal.App.5th at p. 999.)

To the extent Lawrence identified any theoretical basis for relief, the denial of which would amount to an appealable order, we have exercised our discretion to independently review the record and have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Lawrence on this appeal.

## DISPOSITION

To the extent the order is not appealable, we dismiss.  To the extent any aspect of the order is appealable, we affirm.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


HUFFMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.